IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASU D. ARORA,<br><br>        Plaintiff,<br><br>  v.<br><br>TD AMERITRADE, INC.,<br><br>        Defendant.<br>_____/ | No. CV 10-01216 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD AND GRANTING DEFENDANT'S MOTION TO DISMISS |

    Plaintiff Vasu D. Arora has filed a complaint and a motion to vacate an arbitration award entered in favor of Defendant TD Ameritrade, Inc. Defendant opposes the motion and has filed a motion to dismiss Plaintiff's complaint. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court DENIES Plaintiff's motion to vacate the arbitration award and GRANTS Defendant's motion to dismiss.

BACKGROUND

    On September 20, 2006, Plaintiff opened an individual account with Defendant that allowed him to deposit cash into his account with which to buy and sell securities, including options. Daniels

Decl. Ex. 6, May 3, 2010.[1]  On December 14, 2006, Plaintiff added margin features to his account, which allowed him to use the value of cash and securities in his account as collateral for a loan from Defendant with which he could purchase additional securities. Id. Ex. 7.  The terms of Plaintiff's margin features required that he hold in his account a "margin maintenance level," which is a balance equal to a percentage of the amount he had been loaned. The terms also alerted Plaintiff that Defendant, at any time and without warning, could force the sale of securities in the account to meet the required minimum balance. Id. Ex. 32 at 5, ¶ 9.  The terms also contained an arbitration provision, which required both parties to forfeit the right to bring suit in court and agree to arbitrate any dispute. Id. Ex. 5 at 13-14, ¶¶ 92-93.

On April 12, 2007, Defendant issued a margin call on Plaintiff's account because the value of assets in his account fell below the margin maintenance level. Id. Ex. 11 at 1.  As a result of the margin call, Plaintiff sold 5,000 shares of Dendreon Corp. stock. Id. Ex. 11 at 2.  On August 12, 2008, Plaintiff filed a claim with the Dispute Resolution Forum of the Financial Regulatory Association (FINRA), in accordance with the terms of his account. Id. Ex. 15.  On June 29, 2009, Plaintiff filed an amended claim. Id. Ex. 2.  His amended claim charged that Defendant and its CEO Joe Moglia withheld and misrepresented information, failed to

---

[1] The Court grants Defendant's Request for Judicial Notice of Exhibits 2, 4, 10-27, 30 and 31 to the Declaration of Brad S. Daniels, May 3, 2001.  These documents were filed in the arbitration, and the Court takes judicial notice of their existence, but not of the truth of the matters asserted therein. Simmons v. Am. Airlines, 2002 WL 102604, *1 (N.D. Cal.)

2

provide trained or credible brokers, compelled the liquidation of his portfolio, recorded phone conversations without his consent in violation of California law, caused financial harm to an elder in violation of California law, and violated federal securities laws and regulations as well as Defendant's own policies. Daniels Decl. Ex. 2 at 6-7.

FINRA appointed a panel of arbitrators to adjudicate Plaintiff's claims. Id. Ex. 4 at 4. On December 3 and 4, 2009, the panel conducted a hearing on the matter. Plaintiff testified on his own behalf and did not call additional witnesses. Id. Ex. 27 at 1-7. Defendant moved to dismiss all of Plaintiff's claims against both itself and Moglia on the grounds that they were unsupported by the evidence and that the claim of illegally recording phone calls was barred by the statute of limitations. Id. Ex. 27 at 8-11. Plaintiff opposed the motion. Id. Ex. 27 at 11-19.

The panel granted Defendant's motion to dismiss all claims against Moglia. Id. Ex. 27 at 22. The panel granted in part and denied in part Defendant's motion to dismiss the claims against itself, finding that the one-year statute of limitations had run on the call-recording claim, but allowing Plaintiff's other claims to proceed. Id. Ex. 27 at 22-23. However, the panel indicated that it would reconsider its ruling on Defendant's motion to dismiss Plaintiff's call-recording claim if Plaintiff could provide compelling authority that the claim was not barred by the statute of limitations. Id. Ex. 27 at 24-25.

On December 4, 2009, Plaintiff submitted CashCall, Inc. v.

3

1  Superior Court, 159 Cal. App. 4th 273 (2008), and Bunnell v.
2  Department of Corrections, 64 Cal. App. 4th 1360 (1998), and argued
3  that these cases established that his claims were not time-barred.
4  Daniels Decl. Exs. 28, 29; Pl.'s Am. Mem. P. & A. Supp. Mot. Vacate
5  at 3.  After considering this authority, the panel affirmed its
6  earlier decision to dismiss the call-recording claim.  Daniels
7  Decl. Ex. 27 at 49.

8  Before issuing its order on the other claims, the panel asked
9  both parties if they were satisfied that they had had the
10 opportunity to present all evidence.  Id. Ex. 27 at 70.  Both
11 parties responded affirmatively.  Id. Ex. 27 at 70.  On December
12 22, 2009, the panel issued an award denying all of Plaintiff's
13 claims for relief.  Id. Ex. 4 at 2.  Plaintiff now challenges the
14 validity of the panel's decision.

## LEGAL STANDARD

16 The Federal Arbitration Act (FAA) supplies mechanisms for
17 enforcing arbitration awards: a judicial decree confirming an
18 award, an order vacating it, or an order modifying or correcting
19 it.  9 U.S.C. §§ 9-11.  These three provisions, §§ 9-11,
20 substantiate a national policy favoring arbitration subject to
21 limited review in order to preserve arbitration's essential
22 function of resolving disputes effectively and efficiently.  Hall
23 St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 588 (2008).
24 "Any other reading opens the door to legal and evidentiary appeals
25 that can 'rende[r] informal arbitration merely a prelude to a more
26 cumbersome and time-consuming judicial review process,' and bring
27 arbitration theory to grief in post-arbitration process."  Hall

4

St., 552 U.S. at 588 (quoting Kyocera Corp. v. Prudential-Bache Trade Services, Inc., 341 F.3d 987, 998 (9th Cir. 2003)).

Title 9 U.S.C. § 10 provides the exclusive grounds for vacating an arbitration award. Hall St., 552 U.S. at 584; U.S. Life Ins. Co. v. Superior Nat'l Ins. Co., 591 F.3d 1167, 1173 (9th Cir. 2010). Section 10 provides that:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration–
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. The grounds afforded by section 10 create an extremely limited review authority that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures. Kyocera Corp., 341 F.3d at 998. Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitration award under the statute. Id. at 994.

In order to provide relatively expeditious and inexpensive dispute resolution, arbitration is not governed by the federal courts' strict procedural and evidentiary requirements. Mitsubishi

5

1  Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628
2  (1985); Kyocera Corp., 341 F.3d at 998.  Rather, the court's
3  responsibility is to ensure that the FAA's due process protections
4  were afforded.  U.S. Life Ins. Co., 591 F.3d at 1173.  Arbitrators
5  enjoy wide discretion to require the exchange of evidence, and to
6  admit or exclude evidence, how and when they see fit.  Id. at 1175.
7  Arbitrators are merely required to give each of the parties to the
8  dispute an "adequate opportunity to present its evidence and
9  arguments."  Id. (quoting Sunshine Moving Co. v. United
10 Steelworkers of Am., 823 F.2d 1289, 1295 (9th Cir. 1987)).
11     The burden of establishing grounds for vacating an arbitration
12 award is on the party seeking it.  U.S. Life Ins. Co., 591 F.3d at
13 1173.

                              DISCUSSION
I.   Plaintiff's Motion to Vacate Arbitration Award

     Plaintiff bases his motion to vacate the arbitration award on
four grounds: (1) that the panel improperly refused to hear
evidence of the applicable statute of limitations on the call-
recording claim; (2) that the panel improperly refused to hear
evidence of misconduct by Defendant in opening a margin account for
Plaintiff; (3) that by improperly refusing to hear this evidence
the panel imperfectly executed its powers so that an award was not
made; and (4) that the panel engaged in improper ex parte contact
with Defendant during the hearing.

     A.   Statute of Limitations on Call-Recording

     Plaintiff claims that the panel improperly refused to hear
evidence of the applicable statute of limitations on his claim that

6

Defendant illegally recorded his phone conversations without his consent. Plaintiff contends that the two-year statute of limitations in the federal Electronic Communications Privacy Act preempts the one-year California state statute of limitations, and that the panel refused to consider this despite the case law Plaintiff submitted in support of his position. Plaintiff argues that, in doing so, the panel refused to hear evidence that was pertinent and material to the controversy, which is grounds to vacate the arbitration award under 9 U.S.C. § 10(a)(3).

    Plaintiff's grievance seems to revolve around the panel's claimed refusal to consider the cases he cited and then rule in his favor, rather than around any failure to consider any evidence he offered. That the panel ultimately found Plaintiff's arguments unpersuasive does not support the inference that it refused to hear pertinent or material evidence in support of his claims. The panel considered Plaintiff's claims of illegal phone recording under California Penal Code sections 632, 637 and 637.5 and in light of the authority Plaintiff submitted to the panel. Nevertheless, the panel found that the statute of limitations had run and granted Defendant's motion to dismiss the call-recording claim. Before concluding the hearing, the panel asked each party if it were satisfied with the opportunity it had to present evidence. Each replied affirmatively. The record indicates that the panel did not refuse to hear Plaintiff's evidence on the issue of recording his phone calls; rather, the panel gave Plaintiff ample opportunity to present such evidence. Plaintiff's claim that the arbitration award should be vacated because the panel refused to hear evidence

7

pertinent and material to the controversy is unsubstantiated and therefore denied.

B.   Plaintiff's Margin Account

Plaintiff alleges that the panel refused to consider evidence that Defendant extended margin privileges to Plaintiff after he expressly declined them, causing him to suffer financial loss. However, Plaintiff fails to specify the evidence that he sought to admit and that was allegedly denied.

Nothing in the record indicates that the panel did not consider Plaintiff's evidence or his testimony. Plaintiff submitted to the panel his emails and letters to Defendant outlining his complaints about his account. Daniels Decl. Exs. 10-13. Plaintiff testified at the hearing that he opened a margin account. Id. Ex. 27 at 4. A copy of the terms of the margin account, signed by Plaintiff, was admitted into evidence. Id. Ex. 7. Plaintiff also testified that he was not aware of the terms of his margin account and that he did not discuss the terms until after the liquidation of his account. Id. Ex. 27 at 3-4. Nevertheless, the panel found against him and Plaintiff fails to articulate a viable claim under 9 U.S.C. § 10(a)(3) on this issue.

C.   Imperfect Execution of Award

Plaintiff contends that, by refusing to consider evidence pertinent to the statute of limitations on the call-recording issue and to the margin account issue, the panel so imperfectly executed its powers that a definite award was not made on the matters submitted. Plaintiff also argues that, before the panel denied all of his claims, it partially granted and partially denied his

8

claims. Plaintiff asserts that granting and then denying his claims constituted a manifest disregard of the law, which resulted in the award not being a mutual, final or definite award.

The record of the arbitration hearing does not support Plaintiff's claim that the panel refused to hear his evidence or that the panel reversed its decision on Plaintiff's claims. The transcript of the hearing shows that the panel granted <u>in part</u> and denied <u>in part</u> Defendant's motion to dismiss the claims against it. Daniels Decl. Ex. 27 at 22. The record also shows that the panel accepted Plaintiff's additional authority on the call-recording issue, which it deemed a motion to reconsider. The panel informed Plaintiff it would advise him if the cases persuaded it to change its opinion. The panel ultimately denied Plaintiff's motion. <u>Id.</u> Ex. 27 at 48-49.

Section 10(a)(4) allows a court to vacate an arbitration decision if the "arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). "'[A]rbitrators exceed their powers . . . not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law.'" <u>Schoenduve Corp. v. Lucent Techs., Inc.</u>, 442 F.3d 727, 731 (9th Cir. 2006); (quoting <u>Kyocera Corp.</u>, 341 F.3d at 997). "'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." <u>Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.</u>, 44 F.3d 826, 832 (9th Cir. 1995) (internal citation omitted).

The panel provided the due process afforded in 9 U.S.C. § 10 and allowed the parties to introduce evidence and plead their cases. The resulting award denying Plaintiff's claims is not completely irrational nor does it exhibit a manifest disregard of law. The panel gave Plaintiff the opportunity to present his case and reviewed the authority he submitted. There is no indication that the panel consciously disregarded applicable law. Therefore, Plaintiff's claim that the award was imperfectly executed fails.

D. Ex Parte Contact, Evident Partiality and Actual Bias

Plaintiff claims ex parte contact, evident partiality and actual bias on the part of the panel in violation of 9 U.S.C. § 10(a)(2). The evidence he offers on this issue is in his declaration in support of his motion to vacate, where he alleges,

> On or about Dec. 3-4, 2009, I observed numerous conversations between Defendants, non-attorney employees and company attorneys for TD Ameritrade, Opposing Counsels and members of the Panel during the day and in the evening. Numerous pleasantries, jovial, and subjects of a personal nature such as interpersonal relations (marriage and divorce and other family issues) conversations were exchanged but no such conversations were held with Plaintiff/Claimant. At no time was I made aware of the content of any of these conversations. On the evening of Dec. 3, 2009, defense counsel Rosenbaum stated to me: "I like the Arbitrators" and also "I am pleased with the way the proceedings have gone so far."

Arora Decl. in Supp. of Pl.'s Reply to Def.'s Mot. to Vacate ¶ 7.

Two attorneys represented Defendant during the arbitration hearing, Brad S. Daniels and Lois O. Rosenbaum. Daniels Decl. Ex. 4 at 1. Mr. Daniels has stated that the only conversations between defense counsel and panel members that occurred off the record were during breaks in proceedings, in the presence of Plaintiff, and consisted of small talk about the weather and San Francisco

10

restaurants.  Daniels Decl. ¶ 40.  Ms. Rosenbaum's declaration corroborates this.  Rosenbaum Decl. ¶ 4.

Title 9 U.S.C. section 10(a)(2) provides grounds to vacate an arbitration award "where there was evident partiality or corruption in the arbitrators."  The Ninth Circuit has concluded that the legal standard for evident partiality is whether there are "facts showing a 'reasonable impression of partiality.'"  New Regency Prods., Inc. v. Nippon Herald Films, Inc., 501 F.3d 1101, 1106 (9th Cir. 2007) (quoting Schmitz v. Zilveti, 20 F.3d 1043, 1047 (9th Cir. 1994) (holding that evident partiality existed where an arbitrator's firm had represented the parent company of a party nearly twenty times over thirty-five years, even though the arbitrator was not aware of the relationship)).  Most of the cases in which the evident partiality of arbitrators is addressed involve allegations of a conflict of interest that existed prior to arbitration or an arbitrator's failure to disclose a business or personal relationship that could render her impartiality suspect. Toyota of Berkeley v. Auto. Salesmen's Union, Local 1095, United Food and Commercial Workers Union, 834 F.2d 751, 756 (9th Cir. 1987).

"'Evident partiality' is distinct from actual bias."  New Regency, 501 F.3d at 1105.  A "'reasonable impression' of partiality is not equivalent to, nor does it imply, a finding of actual bias."  Schmitz, 20 F.3d at 1047.  In cases alleging actual bias, "the integrity of the arbitrators' decision is directly at issue."  Id.  "Therefore, the party alleging evident partiality [in actual bias cases] 'must establish specific facts which indicate

11

improper motives.'" Woods v. Saturn Distrib. Corp., 78 F.3d 424, 427 (9th Cir. 1996) (quoting Sheet Metal Workers Int'l Ass'n, Local 420 v. Kinney Air Conditioning Co., 756 F.2d 742, 745 (9th Cir. 1985)). Such facts include, for example, that specific arbitrators would be more likely than others to decide in favor of one party, or that they would benefit from deciding in favor of that party. Woods, 78 F.3d at 429.

Plaintiff does not allege evident partiality of the arbitrators based on a conflict of interest or prior relationships. Rather, Plaintiff alleges evident partiality based on the communications between Defendant's representatives and the panel members. Plaintiff inconsistently declares both that personal matters were discussed among the arbitrators and Defendant's representatives and that he was not aware at any time of the content of the conversations. Either way, this evidence merely points to non-case-related small talk among Defendant's representatives and the panel during breaks from the proceedings and at the end of the day. Declarations submitted by defense counsel confirm this. This is insufficient to amount to evident partiality. Nor does Plaintiff's evidence support an inference of actual bias or improper motive on the part of the arbitrators. He does not assert any specific facts which indicate that panel members had any interest in the outcome of the arbitration. The exchange of pleasantries does not support an allegation of evident partiality or of actual bias against Plaintiff.

II.  Plaintiff's Complaint

The proper procedure for a party seeking to vacate an arbitration award is to file an application to vacate in the district court.  9 U.S.C. § 6 ("an application to the court [under 9 U.S.C.] shall be made and heard in the manner provided by law for the making and hearing of motions"); O.R. Sec. Inc. v. Professional Planning Assocs. Inc., 857 F.2d 742, 746 (11th Cir. 2008); see also Sheet Metal Workers' Int'l. Ass'n, Local No. 252 v. Standard Sheet Metal, Inc., 699 F.2d 481, 482-83 (9th Cir. 1983) (noting that, ordinarily, a party opposing an arbitration award must move to vacate the award or be barred from further legal action).  If a party to an arbitration award were to challenge the award in the form of a complaint, the proceeding to vacate the arbitration award could develop into full scale litigation.  O.R. Sec., 857 F.2d at 745.  This result is contrary to the goals of arbitration, which is "an encouraged method of dispute resolution" because it provides for "quick and final resolution" of disputes.  U.S. Life Ins. Co., 591 F.3d at 1172; Sheet Metal Workers, 699 F.2d at 482.

Plaintiff filed a complaint in this case on the same day that he filed his motion to vacate.  The Court deems Plaintiff's complaint to be an application to vacate the award.  In addition, however, Plaintiff includes claims identical to those he alleged in his arbitration hearing.  These claims are barred by res judicata.

Plaintiff contends that he raises new claims in his complaint that were not decided in the arbitration hearing, but res judicata bars these claims as well.  The Ninth Circuit has held, "'An arbitration decision can have res judicata or collateral estoppel

13

effect.'" C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987) (quoting Greenblatt v. Drexel Burnham Lambert, Inc., 763 F.2d 1352, 1360 (9th Cir. 1985)).

Res judicata applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." Mpoyo v. Litton Electro-Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005) (quoting Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir. 2002)).  Four criteria are used to determine whether a suit involve the same claim or cause of action: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.  Mpoyo, 430 F.3d at 987.  Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.  Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003).  "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits.  It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." Id. (quoting United States

ex rel. Barajas v. Northrop Corp., 147 F.3d 905, 909 (9th Cir. 1998)).

In his complaint in this Court, Plaintiff alleges that Defendant (1) recorded his calls in violation of California and federal law; (2) fraudulently induced him to open a margin account; (3) owed a fiduciary duty to him to advise him properly as to the risks of a margin account, and breached that duty by allowing its employees to place trades on that account without informing him of the patent risks and by not responding to his calls, emails and letters; (4) violated California law by appropriating property of a senior citizen when it converted his cash account to a margin account; (5) committed deceptive business practices on a senior citizen in violation of California law; (6) intentionally and negligently misrepresented the risks of his margin account; (7) breached its contract with him regarding his account; and (8) violated federal securities law.

Plaintiff's complaint reiterates the claims submitted to the FINRA Dispute Resolution Forum. The allegations arise out of the same transactional nucleus of fact, namely, the dispute over Dendreon Corp. stock, Defendant's treatment of Plaintiff and his account, and the call recordings. Plaintiff alleges the same types of claims: violation of his right to privacy, breach of Defendant's fiduciary duty and taking advantage of a senior citizen. Plaintiff contends that his claims of elder abuse in his complaint are new and that he plans to submit additional evidence. However, the panel heard his claims of elder abuse during the arbitration hearing. Daniels Decl. Ex. 4 at 1-2. Res judicata, moreover, bars

15

all claims arising out of the same nucleus of facts that could have been raised in the initial proceeding. Tahoe Sierra, 322 F.3d at 1078. Allowing Plaintiff's complaint to succeed would undercut the judgment of the arbitration panel.

As to the other two elements of res judicata, Plaintiff and Defendant are the parties to both proceedings, and the FINRA panel reached a final judgment on the merits on each of Plaintiff's claims. Daniels Decl. Ex. 4 at 1. Res judicata therefore applies to Plaintiff's complaint in this Court. Because Plaintiff's motion to vacate the arbitration award is denied, and the remaining claims in Plaintiff's complaint are barred by res judicata, the Court grants Defendant's motion to dismiss Plaintiff's complaint.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to vacate the arbitration award is DENIED. Docket No. 12. Defendant's motion to dismiss Plaintiff's complaint is GRANTED. Docket No. 34. The Court grants Plaintiff's motion for expedited proceedings for senior or seriously ill patients. Docket No. 3. The Clerk shall enter judgment accordingly and close the file. Defendant may recover costs from Plaintiff.

IT IS SO ORDERED.

Dated: 07/26/10

CLAUDIA WILKEN
United States District Judge